Maupin, L,
concurring:
I join in the majority opinion. I write separately to discuss an issue I believe should be addressed by the parties and the district court on remand.
As noted by the majority, this court has now eliminated half of the original aggravators and thus remands this case for a new penalty hearing. As also noted by the majority, the only remaining aggravators for death penalty eligibility are the felony aggra-vators of burglary and robbery.
I take this opportunity to voice my concern as to whether death penalty eligibility may, under the Federal and Nevada State Constitutions, rest exclusively upon proof of one of the enumerated felony murder aggravators under NRS 200.033(4).
To meet constitutional muster, a capital sentencing scheme ‘ ‘must genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder.”[1] In upholding the use of underlying felonies to aggra *785 vate felony murders,[2] this court has never addressed Lowenfield v. Phelps, a United States Supreme Court case that has important implications for this issue.[3] Under Lowenfield, an aggravating circumstance can be identical to an element of the capital murder itself as long as the state statute defines capital murder narrowly enough to begin with.[4] However, when a state broadly defines capital offenses, the narrowing must occur through the jury’s finding of aggravating circumstances at the penalty phase.[5] Nevada broadly defines capital offenses, particularly felony murder. Thus, the required narrowing must occur through the jury’s finding of aggravating circumstances.
The question is, does the felony aggravator set forth in NRS 200.033(4) genuinely narrow the death eligibility of felony murderers? First, compared to the felony basis for felony murder, NRS 200.033(4) limits somewhat the felonies that serve to aggravate a murder.[6] But the felonies it includes are those most likely to underlie felony murder in the first place.[7] Second, the aggra-vator applies only if the defendant “[kjilled or attempted to kill” the victim or “[kjnew or had reason to know that life would be taken or lethal force used.”[8] This is narrower than felony murder, which in Nevada requires only the intent to commit the underlying felony. This notwithstanding, it is quite arguable that Nevada’s felony murder aggravator, standing alone as a basis for seeking the death penalty, fails to genuinely narrow the death eligibility of felony murderers in Nevada.[9]
*786 Because I am not prepared on this record to make such a conclusion, and because the felony-murder narrowing issue has not been finally resolved under Lowenfield, the parties should consider litigating it on remand.

Zant v. Stephens, 462 U.S. 862, 877 (1983).

Petrocelli v. State, 101 Nev. 46, 53-54, 692 P.2d 503, 509 (1985), holding modified by Sonner v. State, 112 Nev. 1328, 930 P.2d 707 (1996); see also Atkins v. State, 112 Nev. 1122, 1134, 923 P.2d 1119, 1127 (1996).

 484 U.S. 231 (1988).

Id. at 246.

Id.

Compare NRS 200.033(4), with NRS 200.030(l)(b).

It does not include sexual assault, but that felony aggravates murder under NRS 200.033(13), which provides that “nonconsensual sexual penetration” aggravates murder.

NRS 200.033(4)(a), (b); see also Enmund v. Florida, 458 U.S. 782, 797 (1982) (concluding that the Eighth Amendment does not permit imposition of the death penalty on a defendant “who aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be employed”); Tison v. Arizona, 481 U.S. 137, 158 (1987) (holding that “major participation in the felony committed, combined with reckless indifference to human life, is sufficient to satisfy the Enmund culpability requirement”).

The Supreme Courts of Tennessee and Wyoming have reached such a conclusion. See Engberg v. Meyer, 820 P.2d 70, 86-92 (Wyo. 1991); State v. Middlebrooks, 840 S.W.2d 317, 341-47 (Tenn. 1992), superseded by statute as stated in State v. Stout, 46 S.W.3d 689 (Tenn. 2001). This court has summarily rejected Middlebrooks without addressing Lowenfield, which *786 Middlebrooks discusses and distinguishes. See Atkins v. State, 112 Nev. 1122, 1134, 923 P.2d 1119, 1127 (1996).